IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT BEARD,

      Plaintiff,               No. CIV S-09-2984 GGH P

    vs.

Mr. BRITT,

      Defendant.        <u>ORDER</u>

_____/

      Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

      Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

      Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff has been without funds for six months and is currently without funds.  Accordingly, the court will not assess an initial partial filing fee.  28 U.S.C. § 1915(b)(1).  Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments shall be collected

1

1  and forwarded by the appropriate agency to the Clerk of the Court each time the amount in

2  plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

3         The court is required to screen complaints brought by prisoners seeking relief

4  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

5  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

6  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

7  granted, or that seek monetary relief from a defendant who is immune from such relief.  28

8  U.S.C. § 1915A(b)(1),(2).

9         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

10  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

11  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

12  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

13  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

14  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

15  Cir. 1989); Franklin, 745 F.2d at 1227.

16         A complaint must contain more than a "formulaic recitation of the elements of a

17  cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

18  speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

19  "The pleading must contain something more...than...a statement of facts that merely creates a

20  suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal

21  Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient

22  factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft

23  v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct.

24  1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the

25  court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

26  Id.

1    In reviewing a complaint under this standard, the court must accept as true the

2  allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S.

3  738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff,

4  and resolve all doubts in the plaintiff's favor.  <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421, 89 S.Ct.

5  1843 (1969).

6    Plaintiff identifies the sole defendant as a correctional property officer but does

7  not provide a name.[1]  Plaintiff alleges that he has been denied his right to access the courts as the

8  defendant has custody of plaintiff's legal materials but will not provide them to plaintiff.

9  Plaintiff states he has two law suits pending in federal court.  Plaintiff also alleges that he is

10  subject to discriminatory treatment as defendant gives most other inmates their personal property

11  but has singled out plaintiff and a few other inmates by not returning their property.  Finally,

12  plaintiff contends that the defendant has refused to participate in the inmate appeals process.

13    Prisoners have a constitutional right to be afforded  "a reasonably adequate

14  opportunity to present claimed violations of fundamental constitutional rights to the courts."

15  <u>Lewis v. Casey</u>, 518 U.S. 343, 351, 116 S.Ct. 2174 (1996).  This right applies to prisoners'

16  challenges to their convictions or sentences or conditions of confinement.  <u>Id</u>. at 354.  Prison

17  officials may not "actively interfer[e] with inmates' attempts to prepare legal documents or file

18  them."  <u>Id</u>. at 350.  To establish a claim for any violation of the right of access to the courts,

19  prisoners must prove an actual injury by showing that their efforts to pursue a non-frivolous

20  claim concerning their conviction or conditions of confinement has been hindered.  <u>Id</u>. at 350-55.

21    However, plaintiff has provided no details regarding the nature of the law suits,

22  the documents that were confiscated or any injury suffered as a result of not having his legal

23  materials.

24  _____

25  [1] In the body of the complaint plaintiff refers to defendant as 'John Doe'.  The cover sheet
to plaintiff's complaint contains the name 'John Doe' that is crossed out and written next to it is

26  'Mr. Britt'.  Yet, there is no other indication that 'Mr. Britt' is the 'John Doe' described in the
complaint.

1    "The Equal Protection Clause ... is essentially a direction that all persons similarly

2 situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432,

3 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985) (citing Plyler v. Doe, 457 U.S. 202, 216, 102 S.Ct. 2382,

4 72 L.Ed.2d 786 (1982)).  " 'To state a claim under 42 U.S.C. § 1983 for a violation of the Equal

5 Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted

6 with an intent or purpose to discriminate against the plaintiff based upon membership in a

7 protected class.' " Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir.2001) (quoting Barren

8 v. Harrington, 152 F.3d 1193, 1194 (9th Cir.1998)).  "Intentional discrimination means that a

9 defendant acted at least in part *because of* a plaintiff's protected status." Serrano v. Francis, 345

10 F.3d 1071, 1082 (9th Cir.2003) (quoting Maynard v. City of San Jose, 37 F.3d 1396, 1404 (9th

11 Cir.1994)) (emphasis in original).

12    Plaintiff has not alleged that he is a member of a protected class and does not set

13 forth facts supporting a claim that defendant intentionally discriminated against him.

14    With respect to his claims regarding the grievance process, plaintiff is informed

15 that prisoners do not have a "separate constitutional entitlement to a specific prison grievance

16 procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir.2003), citing Mann v. Adams, 855

17 F.2d 639, 640 (9th Cir.1988).  Even the non-existence of, or the failure of prison officials to

18 properly implement, an administrative appeals process within the prison system does not raise

19 constitutional concerns. Mann v. Adams, 855 F.2d 639, 640 (9th Cir.1988).  See also, Buckley

20 v. Barlow, 997 F.2d 494, 495 (8th Cir.1993); Flick v. Alba, 932 F.2d 728 (8th Cir.1991); Azeez

21 v. DeRobertis, 568 F.Supp. 8, 10 (N.D.Ill.1982) ("[A prison] grievance procedure is a procedural

22 right only, it does not confer any substantive right upon the inmates.  Hence, it does not give rise

23 to a protected liberty interest requiring the procedural protections envisioned by the fourteenth

24 amendment").

25    Furthermore, plaintiff does not name the defendant.  Defendant must provide the

26 identity of the defendant as the court cannot serve an unnamed defendant.  Plaintiff's complaint

is dismissed with leave to file an amended complaint within twenty-eight days from the date of service of this Order.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within twenty-eight days from the date of service of this order. Failure to

1    file an amended complaint will result in a recommendation that the action be dismissed.

2    DATED: November 16, 2009

3

4                                                    /s/ Gregory G. Hollows

5                                                    GREGORY G. HOLLOWS
                                                     UNITED STATES MAGISTRATE JUDGE
6    GGH:ab
     bear2984.b
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26